UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-59320-SMS |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | CHAPTER 7 |
| | : | |
| Debtors. | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") for the bankruptcy estates (collectively, the "**Bankruptcy Estate**")[1] of Lewis Alton Cain ("**Mr. Cain**") and Brenda Ann Cain ("**Mrs. Cain**" and with Mr. Cain, the "**Debtors**"), and files *Trustee's Objection to Claimed Exemptions* (the "**Objection**"), respectfully showing the Court as follows:

**Jurisdiction and Venue**

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This

---

[1] Even though defined collectively as the Bankruptcy Estate for purposes of this Objection, the bankruptcy estates of the Debtors are separate and distinct estates.

17917793v1

is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background Facts

### *a. General Facts and Available Assets*

2.

Debtors initiated the underlying bankruptcy case (the "**Case**" or "**Bankruptcy Case**") by filing a voluntary petition (the "**Petition**") for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on December 15, 2021 (the "**Petition Date**").

3.

Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

### *i. The Property*

4.

On their Petition, Debtors list their home address as 301 Overview Drive, Canton, Georgia 30114 (the "**Property**"). [Doc. No. 1, page 2 of 47]. On their Statement of Financial Affairs, Debtors indicated that they have not lived anywhere else in the three years before the Petition Date. *Id* at page 8.

5.

On their originally filed bankruptcy schedules, Debtors stated that they own no real estate. *Id.* at page 15. In addition, even in their amended bankruptcy schedules, they stated that they own no real estate. [Doc. No. 18].

6.

Even though Debtors have sworn under penalty of perjury that they own no real estate, in

17917793v1

a detailed review of the real estate records of Cherokee County, Georgia (the "**Real Estate Records**"), Trustee has discovered that the Debtors received what appears to be a life estate in the Property via a Warranty Deed that appears in the Real Estate Records, beginning at page 491 of Deed Book 14007.

*ii. The Life Insurance Policy and Shares*

7.

On their originally filed bankruptcy schedules, Debtors stated that they own no bonds or publicly traded stock and no insurance policies. [Doc. No. 1, pages 17-18 of 47]. However, in a detailed review of Debtors' tax return, Trustee discovered that the Debtors were reporting a dividend from Metlife, so he requested all statements related to this dividend.

8.

In response to Trustee's inquiry, Debtors produced a statement of account for a Metlife insurance policy (the "**Insurance Policy**"), which shows that Mr. Cain is the sole owner and that it had a cash value of $34,092.23 as of October 10, 2021, and they produced a statement of account showing that Mr. Cain owns 89 shares in Metropolitan Life (the "**Shares**"), with a value of approximately $5,600.00.

*b. Debtors' Claimed Exemptions*

9.

Also in response to Trustee's inquiry, Debtors filed amended schedules, disclosing the Insurance Policy but failing to disclose the interest in the Shares. [Doc. No. 18]. Also in their amended schedules, Debtors claimed a $4,000.00 exemption in the Insurance Policy under O.C.G.A. § 44-13-100(a)(9) and a $20,551.00 exemption in the Insurance Policy under §44-13-100(a)(6) (the "**Exemptions**").

17917793v1

10.

Trustee asserts that the Exemptions are improperly claimed because only Mr. Cain owns the Insurance Policy, and, consequently, only he is entitled to claim an exemption in it (i.e., the Exemptions are improperly doubled).

**Objection to Claimed Exemptions**

11.

Pursuant to O.C.G.A. § 44-13-100(b), the State of Georgia has opted out of the federal exemption scheme and follows its own state-provided exemptions as set forth in O.C.G.A. § 44-13-100(a).  *See* Ga. Code Ann. § 44-13-100.

12.

Under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, Trustee and other parties have thirty (30) days from the conclusion of the 341 Meeting or within thirty (30) days after any amendment to the list or supplemental schedule is filed, whichever is later, to file an objection to exemptions.  Fed. R. Bankr. P. 4003.

13.

Under the exemption scheme set out in O.C.G.A. § 44-13-100(a), a debtor may exempt an interest in his or her property, but he or she may not exempt an interest in property that belongs to someone else, like a co-debtor.  *See* Ga. Code Ann. § 44-13-100.

14.

More specifically for the issues presented in this matter, under O.C.G.A. § 44-13-100(a)(6), a debtor may exempt his or her aggregate interest, not to exceed $1,200.00 in value plus any unused amount of exemption not to exceed $10,000.00 provided under O.C.G.A. § 44-13-100(a)(1).  Ga. Code Ann. § 44-13-100(a)(6).  And, under O.C.G.A. § 44-13-100(a)(9), a

debtor may exempt his or her aggregate interest in the cash value of a life insurance policy up to $2,000.00, less any reduction of value that occurs under 11 U.S.C. § 542(d).  Ga. Code Ann. § 44-13-100(a)(9).

15.

Here, Debtors have claimed the Exemptions in Mr. Cain's interest in the Insurance Policy, totaling $24,551.00.  As a result, Mr. Cain has exceeded the amount of exemption to which he is entitled under O.C.G.A. § 44-13-100(a)(6), and he has exceeded the amount of exemption to which he is entitled under O.C.G.A. § 44-13-100(a)(9).  And, because Mrs. Cain does not own an interest in the Insurance Policy, she is not entitled to claim an exemption in this asset.

16.

Applying the dollar limits set forth in O.C.G.A. § 44-13-100, and taking into account his other claimed exemptions, Mr. Cain is only entitled to an exemption in the Insurance Policy in the amount of $12,275.50 (a $2,000.00 exemption available under (a)(9) and a $10,275.50 exemption under (a)(6)).  Trustee requests an order from the Court limiting Debtor's exemption in the Insurance Policy to this $12,275.50.

[INTENTIONALLY LEFT BLANK]

17917793v1

WHEREFORE, Trustee prays that the Court sustain the Objection and that the Court grant such other and further relief deemed just and proper.

Respectfully submitted this 17th day of March, 2022.

          ARNALL GOLDEN GREGORY LLP
          *Proposed Attorneys for Trustee*

          By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100      Michael J. Bargar
Atlanta, GA 30363      Georgia Bar No. 645709
(404) 873-8500      michael.bargar@agg.com

17917793v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-59320-SMS |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | CHAPTER 7 |
| | : | |
| Debtors. | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that S. Gregory Hays, the Chapter 7 Trustee (the "**Trustee**"), has filed *Trustee's Objection to Claimed Exemptions* (the "**Objection**").

**PLEASE TAKE FURTHER NOTICE** that the Court will hold an initial telephonic hearing for announcements on the Objection at the following number: toll free number 833-568-8864; Meeting ID 161 179 4270 at 10:15 a.m. on April 20, 2022 in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court

17917793v1

to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: 1340 United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated:  March 17, 2022.                                   ARNALL GOLDEN GREGORY LLP
*Proposed Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
171 17th Street, N.W., Suite 2100         Georgia Bar No. 645709
Atlanta, GA  30363                        michael.bargar@agg.com
                                          Tel: 404.873.8500

17917793v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Objection to Claimed Exemptions* and *Notice of Hearing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jeffrey M. Heller
J. M. Heller, Attorney At Law, P.C.
Suite 304
151 West Main St.
Canton, GA 30114

Lewis Alton Cain
301 Overview Drive
Canton, GA 30114

Brenda Ann Cain
301 Overview Drive
Canton, GA 30114

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 17th day of March, 2022.

/*s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

17917793v1