

**IT IS ORDERED as set forth below:**

**Date: April 22, 2022**

_____
**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-59320-SMS |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | CHAPTER 7 |
| | : | |
| Debtors. | : | |
| | : | |
| S. GREGORY HAYS, as Chapter 7 Trustee, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| LEWIS ALTON CAIN and | : | |
| BRENDA ANN CAIN, | : | |
| | : | |
| Respondents. | : | |

**ORDER ON OBJECTION TO CLAIMED EXEMPTIONS**

On March 17, 2022, S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the

18062019v1

bankruptcy estates (collectively, the "**Bankruptcy Estate**") of Lewis Alton Cain ("**Mr. Cain**") and Brenda Ann Cain ("**Mrs. Cain**" and with Mr. Cain, the "**Debtors**"), filed *Trustee's Objection to Claimed Exemptions* [Doc. No. 20] (the "**Objection**"), seeking, among other things, an order from the Court disallowing Debtors' claimed exemptions (the "**Exemptions**") in a certain Metlife insurance policy (the "**Insurance Policy**").  More particularly, Trustee asserts that only Mr. Cain is entitled to an exemption in the Insurance Policy in the amount of $12,275.50 (a $2,000.00 exemption available under § 44-13-100(a)(9) and a $10,275.50 exemption under § 44-13-100(a)(6)).

Also on March 17, 2022, Trustee filed a notice of hearing [Doc. No. 20] (the "**Notice**"), setting a hearing on the Objection on April 20, 2022 (the "**Hearing**").  Counsel for Trustee certifies that he served the Objection and Notice on all necessary parties in interest, including Debtors.  [Doc. No. 20].

No one filed a response to the Objection.

Counsel for Trustee appeared at the calendar call for the Hearing.  No party in interest appeared to object to the relief that Trustee requested in the Objection.

The Court having considered the Objection and the entire record in this matter; and, for good cause shown, it is hereby

**ORDERED** that the Objection is **SUSTAINED**: Debtors' claimed Exemptions in the Insurance Policy are disallowed, and only Mr. Cain is allowed an exemption in the Insurance Policy in the amount of $12,275.50, calculated as follows: a $2,000.00 exemption under O.C.G.A. § 44-13-100(a)(9) and a $10,275.50 exemption under § 44-13-100(a)(6).

**[END OF DOCUMENT]**

18062019v1

Order prepared and presented by:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-7030 Telephone
(404) 873-7031 Facsimile


**Identification of parties to be served**:

Office of the U.S. Trustee, 362 Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303

Jeffrey M. Heller, J. M. Heller, Attorney At Law, P.C., Suite 304, 151 West Main St., Canton, GA 30114

Lewis Alton Cain, 301 Overview Drive, Canton, GA 30114

Brenda Ann Cain, 301 Overview Drive, Canton, GA 30114

S. Gregory Hays, Hays Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363

18062019v1